UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN FRETZ, <br><br> Defendant. | Civil Action No.: 3:22-cv-01615 <br><br> Dated: December 20, 2022 |

## COMPLAINT

Plaintiff North American Company for Life and Health Insurance ("North American"), by its attorneys, Faegre Drinker Biddle & Reath LLP, for its Complaint against Defendant Kevin Fretz ("Fretz"), alleges as follows:

## NATURE OF THE LAWSUIT

1. North American brings this action to obtain a judicial declaration (a) confirming that a $700,000 life insurance policy issued to Fretz was void *ab initio* due to the failure of a contractual condition precedent essential to form a valid contract of insurance; and (b) confirming, in the alternative, that the subject life insurance policy is void and subject to rescission as a result of material misrepresentation in the application.

2. North American discovered that the subject life insurance was the product of material misrepresentation during the course of a post-issuance review and audit. Fretz has ignored North American's efforts to obtain his acknowledgment of and consent to the invalidity of the contract and the rescission of the policy, necessitating the filing of this lawsuit.

3. Fretz completed an online life insurance application on January 11, 2021, submitting his application to North American and paying the first premium that same date. Based

on Fretz's representations in the application and the underwriting standards programmed into the online application facility North American issued the policy – and Fretz accepted delivery of the contract and attached application – that same date.  North American never would have issued the policy if appropriate and accurate disclosure had been made by the applicant in response to a direct question posed to him, nor was the applicant in the state of health described in the application.

## PARTIES, JURISDICTION, AND VENUE

4. North American is an Iowa corporation with its principal place of business located in West Des Moines, Iowa, and is a citizen of the State of Iowa. North American has at all times material to this action been licensed and authorized to conduct insurance operations in the State of Connecticut and within this judicial district.

5. Fretz is and was at all times material to this action an individual adult citizen of the State of Connecticut, residing currently and at all times material to this action at 144 Goff Road, Wethersfield, Connecticut 06109.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs. The amount in controversy exceeds $75,000, exclusive of interest and costs, because this action seeks the rescission and the declaration of the invalidity of a $700,000 life insurance policy.

7. Venue in this Court is proper under 28 U.S.C. § 1391 because Fretz resides in this judicial district and because a substantial part of the events or omissions giving rise to North American's claims occurred in this district, including, without limitation, Fretz's completion of the subject life insurance policy application while residing in this district, and his acceptance of the delivery of the written contract of insurance while residing in this district.

**FACTUAL ALLEGATIONS**

8. North American has contracted with Bestow Agency, LLC, a company providing an automated online insurance application portal, to process North American applications for life insurance.

9. The Bestow online portal employs automated underwriting to allow North American to determine automatically whether and on what terms to issue the requested life insurance coverage, based on applying the underwriting standards that are programmed into the online application facility to the facts and representations that have been provided by the applicant.

10. On January 11, 2021, Fretz electronically signed the application and paid the first premium, and in so doing, acknowledged and agreed that he had reviewed his application and that his statements and answers were complete and true to the best of his knowledge and belief.

11. On January 11, 2021, following Fretz's completion, electronic signing, and submission of the application and his payment of the first premium, North American issued and electronically delivered the life insurance policy to Fretz, bearing policy number LB----238 (referred to as "Policy '238"). Fretz is the named insured and owner of Policy '238. Fretz acknowledged receipt of the written contract of insurance on January 11, 2021, including a complete copy of the application, made a part of the contract, that Fretz had completed, electronically signed, and submitted to North American.

12. Fretz agreed to a contractual condition precedent for any valid contract to issue and for any coverage to become effective, as set forth in the "Effective Date" clause in the application:

> Any insurance issued as a result of this application will not take effect until the first full premium is paid and the contract is delivered to and accepted by the Owner during the lifetime of any person proposed for insurance and ***while such person is in the health described in all parts of this application*** (emphasis supplied).

13. In response to Question 9 in the application, Fretz represented to North American that no medical professional had advised him to have surgery or any other test or procedure (other than for HIV) in the twelve months prior to submitting his January 11, 2021 application.

14. North American reasonably and justifiably relied upon the truth and accuracy of Fretz's answers and representations in his policy application, including, without limitation, Fretz's response to Question 9, in deciding whether and on what terms to accept and approve Fretz's application for life insurance coverage.

15. After issuing Policy '238 to Fretz, North American discovered during the course of an audit prompted by a change to the underwriting standards programmed into the online application facility that the condition precedent set forth in the Effective Date clause had not been satisfied, and that Policy '238 was the product of Fretz's material misrepresentation and concealment of his medical history.

16. Based on a review of medical records obtained by the company during the course of its audit, North American discovered that on December 14, 2020, less than a month before Fretz submitted his application to North American, Fretz had sought medical advice and treatment through a telehealth appointment with a physician. Fretz had sought this medical consult because he had been experiencing months of intermittent digestive problems, decreased appetite, and early satiety.

17. Based on the physical symptoms and conditions that Fretz communicated to his physician, Fretz was advised to have an ultrasound of his hepatobiliary tree conducted. Fretz was also advised by his doctor to have a blood test and an H. pylori breath test conducted. An H. pylori breath test requires a patient to exhale into a balloon-like bag before and after drinking a solution

containing urea. H. pylori bacteria break down urea and release carbon dioxide; a higher amount of carbon dioxide in the patient's second exhalation indicates the presence of H. pylori bacteria.

18. An ultrasound of the hepatobiliary tree is a diagnostic test and procedure conducted for the purpose of diagnosing or ruling out diseases of the liver and the bile ducts, and to enable the appropriate assessment and treatment of common pathologies of the liver such as fibrosis, steatosis, and focal lesions.

19. Upon information and belief, blood tests are typically conducted in conjunction with the ultrasound under the circumstances presented, and the H. Pylori breath test is used to detect and diagnose an H. pylori bacterial infection, which is a major cause of peptic ulcer disease and increases the risk of gastritis and stomach cancer.

20. Fretz's medical records do not reflect the completion of the full battery of diagnostic tests that his doctor had recommended prior to Fretz's January 11, 2021 submission of the life insurance application. When North American sent a letter to Fretz advising that the company had discovered his misrepresentation and inviting Fretz to come forward with contrary evidence, Fretz failed to respond to the letter or otherwise come forward with exculpatory information. Subsequent follow-up efforts to communicate with Fretz have been unsuccessful.

21. On January 11, 2021, when he submitted his policy application, Fretz was not in the state of health described in his application. Contrary to the portrayal of Fretz and his state of health contained in the application for insurance, Fretz instead was an individual who had recently experienced physical symptoms and concerns substantial enough to cause him to seek out medical attention and significant enough to prompt his doctor to recommend a battery of diagnostic tests. Based on the failure of the express condition precedent contained in the Effective Date clause, no valid contract was ever formed.

22. Fretz also knowingly and falsely denied that any medical professional had advised him to have any test or procedure conducted (other than for HIV) during the twelve-month period preceding his January 11, 2021 application.

23. Fretz's physical symptoms were significant enough to cause him to seek out medical advice, and in turn to cause his doctor to order this battery of diagnostic tests. Because Fretz had sought and received this medical advice just weeks before submitting his application, these recommended tests, the symptoms and concerns that had prompted him to seek medical assistance, and the potential import of the diagnostic testing that had been ordered would have been foremost in Fretz's mind when completing the application.

24. Fretz thus misrepresented and concealed his doctor's recommendations for this testing with specific and recent knowledge of the falsity of his statement in the application, and with no reasonable basis to believe the truth of his representation.

25. North American never would have issued the requested life insurance coverage if Fretz had disclosed his recently ordered diagnostic tests and procedures, unless and until North American had the opportunity to determine the nature, status, and results of the battery of diagnostic tests, and to apply its established underwriting standards to all properly and accurately disclosed facts and circumstances. Fretz instead intentionally deprived North American of the opportunity to complete the underwriting review and analysis that was required to properly approve the request for life insurance.

26. By misrepresenting and concealing this recent medical history, Fretz induced North American to approve the requested coverage on false pretenses. Accordingly, Fretz's misrepresentation and concealment of his medical history was material to North American's decision whether and on what terms to approve Fretz's application for coverage.

27. On or about June 8, 2022, North American mailed and emailed a letter to Fretz advising him of North American's discovery of his material misrepresentation, and requested Fretz's consent and agreement to the rescission of the policy to avoid the costs of litigation.

28. In this letter, North American also informed Fretz that if he believed North American's stated factual basis for rescission was inaccurate, he had the opportunity to provide North American with facts and documents supporting his contention. North American also advised Fretz that he should not pay any further premiums on the policy unless he intended to challenge the factual grounds for rescission. North American also offered in this letter to refund all of the premiums Fretz had paid for the fraudulently induced coverage, plus interest, in furtherance of the rescission of the policy. Fretz failed to respond to this letter, and subsequent efforts to communicate with Fretz have been ignored by him.

29. Accordingly, North American seeks a declaration that the policy never went into effect due to the failure of the contractual condition precedent in the Effective Date clause, and alternatively, a declaration confirming the rescission of the policy on the grounds of Fretz's material misrepresentation of his medical history.

30. North American further requests that the Court's declaratory judgment reflect such other and additional relief as is equitable under the circumstances, including, without limitation, an award of actual attorneys' fees and costs that have been and will continue to be unnecessarily incurred as a result of Fretz's misrepresentations and his failure to consent to the rescission of his fraudulently obtained policy, in an amount to be determined by this Court after an adjudication of North American's claim for declaratory relief.

**COUNT I :**
**DECLARATORY JUDGMENT**
**(FAILURE OF CONDITION PRECEDENT)**

31. North American incorporates by reference all preceding paragraphs in this Complaint.

32. Pursuant to 28 U.S.C. § 2201(a), North American seeks a judicial declaration that Policy '238 never went into effect due to the failure of a condition precedent.

33. Fretz agreed when he submitted his application that no insurance would take effect unless and until the full first premium was paid and the contract was delivered to and accepted by Fretz while he was in the financial condition and state of health described in all parts of the application.

34. Fretz was not in the state of health described in his application upon payment of the first premium and delivery and acceptance of the policy.

35. Based on the failure of this condition precedent, no valid contract of insurance between North American and Fretz ever went into effect, and Policy '238 is of no legal force or effect.

36. North American has no adequate remedy at law.

37. Pursuant to 28 U.S.C. § 2201(a), North American is entitled to and seeks a declaratory judgment confirming that the policy is not now and never was in effect due to the failure of a contractual condition precedent.

38. North American requests that the Court's judgment reflect such other and additional relief as is equitable under the circumstances, including, without limitation, an award of actual attorneys' fees, investigation and litigation expenses, in an amount to be determined by this Court after an adjudication of North American's claim for declaratory relief, and awarding all other costs

incurred as a result of Fretz's misrepresentation and his failure to consent to the rescission of the fraudulently obtained policy.

## COUNT II:
## DECLARATORY JUDGMENT
## (RESCISSION)

39. North American incorporates by reference all preceding paragraphs in this Complaint.

40. Pursuant to 28 U.S.C. § 2201(a), North American seeks a judicial declaration rescinding Policy '238 issued to Fretz.

41. When Fretz submitted his life insurance application on January 11, 2021, he represented that in the past twelve months, no medical professional had advised him to have any test or procedure conducted (other than for HIV). This representation was false.

42. Fretz's misrepresentation was material to North American's decision to issue the policy to and insure Fretz. North American never would have issued the requested life insurance coverage if Fretz had disclosed his recently ordered diagnostic tests and procedures, unless and until North American had the opportunity to determine the nature, status, and results of the battery of diagnostic tests, and to apply its established underwriting standards to all properly and accurately disclosed facts and circumstances. Fretz instead intentionally deprived North American of the opportunity to complete the underwriting review and analysis that was required to properly approve the request for life insurance.

43. Fretz knowingly made this material misrepresentation with knowledge of its falsity and with no reasonable basis to believe the representation was true.

44. North American reasonably and justifiably relied upon the truth and accuracy of Fretz's answers and representations in his policy application, including, without limitation, his response to Question 9 in the application.

45. Prior to seeking judicial intervention to confirm the rescission of Fretz's policy, North American offered, on multiple occasions, to restore Fretz to his pre-application, pre-issuance position by tendering a refund of all premiums he had paid on the policy, plus interest, in furtherance of the rescission.

46. North American hereby renews its tender of the refund of premiums paid, plus interest, and offers to pay such funds to the Clerk of Courts upon the terms ordered by this Court.

47. Despite North American's multiple requests that Fretz consent to the recission of his policy to avoid the costs and expenses of litigation, or come forward with exculpatory information, Fretz has ignored those requests and has refused to consent, necessitating the filing of this action.

48. North American has no adequate remedy at law.

49. Pursuant to 28 U.S.C. § 2201(a), North American is entitled to a declaratory judgment that Fretz's knowing and material misrepresentation warrants and justifies the rescission of the policy, and that the policy must be rescinded.

50. North American requests that the Court's judgment reflect such other and additional relief as is equitable under the circumstances, including, without limitation, an award of actual attorneys' fees, investigation and litigation expenses, in an amount to be determined by this Court after an adjudication of North American's claim for declaratory relief, and awarding all other costs incurred as a result of Fretz's misrepresentation and his failure to consent to the rescission of the fraudulently obtained policy.

## **RELIEF REQUESTED**

**WHEREFORE**, North American prays for and respectfully requests judgment as follows:

A. A judicial declaration pursuant to Count I, confirming that no valid contract of insurance ever went into effect and that no coverage ever became effective between North American and Fretz due to a failure of a contractual condition precedent, such that no rights, entitlements, or benefits are available to Fretz or payable to any putative beneficiary under Policy '238;

B. A judicial declaration of rescission pursuant to Count II, declaring that Policy '238 is rescinded and void, extinguishing all rights, entitlements, and benefits that would have been available to Fretz or otherwise payable to any beneficiary;

C. Pursuant to Counts I and II, an award of North American's reasonable costs and litigation expenses, including attorneys' fees, incurred as a result of Fretz's misrepresentation and concealment of his medical history, and his subsequent refusal to consent to rescission, including those costs, expenses, and fees incurred during North American's investigation, during its pre-litigation efforts to secure Fretz's consent to the rescission, and in pursuing this action for declaratory relief against Fretz, in an amount to be determined by this Court after an adjudication of North American's claim for declaratory relief; and

D. Any other or further relief the Court deems equitable, just, and proper.

## **DEMAND FOR JURY TRIAL**

North American demands a jury trial on all issues so triable by law.

Dated: December 20, 2022 Respectfully submitted,

By: */s/ Stephen J. Jorden*
Stephen J. Jorden (ct28307)
Faegre Drinker Biddle & Reath LLP
One Constitution Plaza, 5th Floor
Hartford, CT 06103
Stephen.Jorden@faegredrinker.com
Tel: (860) 509-8929
Fax: (860) 760-6535

*Attorneys for North American Company for Life and Health Insurance*